IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| DOREEN SCHRICKEL and RICHARD GOGAS,<br><br>Plaintiffs,<br><br>v.<br><br>ALLY FINANCIAL INC. *et al.*,<br><br>Defendants. | Civil Action No. 5:20-cv-00142-KDB-DSC |

## PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Doreen Schrickel and Richard Gogas ("Plaintiffs"), Defendant Ally Financial Inc. ("Ally"), and Defendant Equifax Information Services LLC ("Equifax") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Defendants, and/or personal income, credit and other confidential information of Plaintiffs.

THEREFORE, an Agreement protecting such confidential information shall be and hereby is made on the following terms:

1. This Agreement shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Agreement in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this

Agreement by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a party or non-party producing documents in this action (a "Producing Party") believes in good faith that, despite the provisions of this Confidentiality Agreement, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other Parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

4. All documents, transcripts, or other materials subject to this Confidentiality Agreement, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Confidentiality Agreement.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Agreement after notice, any document, transcript or pleading given "Confidential" treatment under this Confidentiality Agreement, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Confidentiality Agreement and may not be disclosed to any person other than: (a) this Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in

the preparation of this litigation; (d) fact witnesses subject to a proffer or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only", or pursuant to prior Agreement after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Confidentiality Agreement, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Confidentiality Agreement and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as **Exhibit A**; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) this Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

7. Documents produced pursuant to this Confidentiality Agreement shall not be made available to any person designated in Subparagraph 5(f) or 6(b) unless he or she shall have first

read this Agreement, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

8. All persons receiving any or all documents produced pursuant to this Confidentiality Agreement shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. Nothing in this Confidentiality Agreement shall prevent a party from using at trial in this action any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only."

10. This Confidentiality Agreement has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Confidentiality Agreement, nor the designation of any information, document, or the like as "Confidential" or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Confidentiality Agreement, including any extracts, summaries or compilations taken therefrom, shall be returned to the Producing Party or, if the Producing Party's counsel so consents, destroyed.

12. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Confidentiality Agreement, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection but shall continue to maintain the documents or other information as confidential for fifteen days after such notice. The designating party shall have the right to move this Court to retain the designated status of such materials within the fifteen day period after such notice. If the designating party files such a motion within the fifteen day period, the receiving party shall continue to retain the materials as "Confidential" or "Confidential—Attorneys' Eyes Only," consistent with the designating party's designation, until this Court has ruled on the designating party's motion.

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Confidentiality Agreement.

**SO ORDERED**.  Signed: February 1, 2021

_____
David S. Cayer
United States Magistrate Judge

Dated: January 28, 2021					Respectfully submitted,

							*/s/ Keaton C. Stoneking*
							Keaton C. Stoneking
							N.C. State Bar No. 53627
							301 S College St, Suite 3400
							Charlotte, NC 28202
							Telephone: (704) 916-1508
							Facsimile: (704) 998-4051
							Keaton.stoneking@troutman.com
							*Attorney for Defendant Ally Financial Inc.*


Dated: January 28, 2021					Respectfully submitted,

							*/s/ Travis E. Collum*
							Travis E. Collum
							NC State Bar No. 29158
							109 W. Statesville Avenue
							Mooresville, NC 28115
							Telephone: (704) 663-4187
							Facsimile: (704) 663-4178
							travis@collumperry.com
							*Attorney for Plaintiffs*


Dated: January 28, 2021					Respectfully submitted,

							*/s/Melanie A. Prince-Loyd*
							Melanie A. Prince-Loyd
							N.C. State Bar No. 51961
							121 W. Trade St. Suite 2020
							Charlotte, NC 28202
							Telephone: (704) 925-6029
							Facsimile: (704) 559-2446
							Mprince-loyd@seyfarth.com
							*Attorney for Defendant Equifax Information Services, LLC*

# EXHIBIT A

# EXHIBIT A
# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Confidentiality Agreement entered into among the parties to this action on _____, 20\_\_.

5. I have carefully read and understand the provisions of this Stipulated Confidentiality Agreement.

6. I will comply with all provisions of this Stipulated Confidentiality Agreement.

7. I will hold in confidence and will not disclose to anyone not qualified under the Stipulated Confidentiality Agreement, any information, documents or other materials produced subject to this Stipulated Confidentiality Agreement.

8. I will use such information, documents or other materials produced subject to this Stipulated Confidentiality Agreement only for purposes of this present action.

9. Upon termination of this action, upon written request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Confidentiality Agreement, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Confidentiality Agreement, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Confidentiality Agreement in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 20\_\_ at _____.

_____
QUALIFIED PERSON